UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tarun Solorzano-O'Brien,

         Petitioner,

v.

Kent Grandlienard, Warden, M.C.F. -
Oak Park Heights; and Lori Swanson,
Attorney General for the State of Minnesota,

         Respondents.

Civ. No. 14-3836 (PJS/BRT)

**REPORT AND RECOMMENDATION**

---

Kirk M. Anderson, Esq., Anderson Law Firm, PLLC, counsel for Petitioner.

Jean E. Burdorf and Linda Kay Jenny, Hennepin Country Attorney's Office; and Matthew Frank and James B. Early, Minnesota Attorney General's Office, counsel for Respondents.

---

BECKY R. THORSON, United States Magistrate Judge

      Tarun Solorzano-O'Brien, a Minnesota inmate sentenced to 176 months imprisonment after pleading guilty to aiding and abetting an offender for the benefit of a gang, has filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Solorzano-O'Brien challenges his state court conviction on two related grounds, alleging that (1) his due process rights were violated when the trial court denied his motion to withdraw his guilty plea after failing to rule on his motion to dismiss the indictment for lack of probable cause; and (2) his trial counsel rendered ineffective assistance in failing to demand that the trial court rule on the motion to dismiss before he pleaded guilty. (Doc. No. 1 at 5; Doc. No. 2 at 5–7.) In response, the State has moved to

1

dismiss Solorzano-O'Brien's § 2254 petition as time-barred under the applicable one-year statute of limitations. (Doc. No. 12; *see also* Doc. No. 13.) Because over 500 days of untolled time elapsed between when Solorzano-O'Brien's criminal judgment became final on direct review and when he filed his federal habeas petition, this Court recommends that the State's motion to dismiss be granted and that Solorzano-O'Brien's petition be dismissed as untimely.

## I.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a federal habeas petition, which runs from the latest of four possible triggering dates. 28 U.S.C. § 2244(d)(1). Only one of those dates is relevant here — "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A criminal judgment becomes final when the U.S. Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (quotation omitted); *accord Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The federal limitations period, however, is statutorily tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending" in state court. 28 U.S.C. § 2244(d)(2). That period is also subject to equitable tolling where the petitioner can demonstrate that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood

in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted).

Solorzano-O'Brien, along with four codefendants, was initially indicted in Minnesota for the first-degree murder of Carlos Hernandez Perez. *See State v. Patino*, No. A08-1005, 2009 WL 2225440, at *1 (Minn. Ct. App. July 28, 2009).[1] In January 2008, he pleaded guilty to a lesser amended charge of aiding and abetting an offender after the fact for the benefit of a gang, a crime for which he was later sentenced to 176 months imprisonment. *Id.* In the first of two direct appeals, the Minnesota Court of Appeals affirmed Solorzano-O'Brien's conviction but vacated his sentence and remanded either for resentencing or for the trial court to make explicit findings supporting its assignment of a severity offense level of X under the state sentencing guidelines. *Id.*, at *1–3. On remand, the trial court issued a detailed order reciting its reasons for the assigned offense level, after which Solorzano-O'Brien again appealed. *See State v. Solorzano-O'Brien*, No. A10-1514, 2011 WL 1237554, at *1 (Minn. Ct. App. Apr. 5, 2011). This time, however, the Minnesota Court of Appeals affirmed his sentence on April 5, 2011. *Id.*, at *1–2. The Minnesota Supreme Court denied Solorzano-O'Brien's petition for discretionary review on June 28, 2011, and the Minnesota Court of Appeals entered judgment on July 12, 2011. (*See* Doc. No. 1-2 at 13; Doc. No. 14 at 9.)

---

[1] Solorzano-O'Brien was originally charged under the name Mario Patino. *See State v. Solorzano-O'Brien*, No. A10-1514, 2011 WL 1237554, at *1 n.1 (Minn. Ct. App. Apr. 5, 2011).

Since Solorzano-O'Brien did not file a petition for a writ of certiorari in the U.S. Supreme Court, his criminal judgment became final on September 27, 2011, upon expiration of the deadline for seeking certiorari review. *See Gonzalez*, — U.S. at —, 132 S. Ct. at 653; Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed . . . within *90 days after entry of the order denying discretionary review*.") (emphasis added).[2] On that same date, Solorzano-O'Brien's one-year limitations period for filing a federal habeas petition began to run. *See* 28 U.S.C. § 2244(d)(1)(A); *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (explaining that the limitations period does not commence until both the "conviction *and* sentence became final by the conclusion of direct review or the expiration of the time for seeking such review") (quotation omitted).

On April 26, 2012 — 211 days after his criminal judgment became final — Solorzano-O'Brien filed a state petition for post-conviction relief, which statutorily tolled

---

[2] In its motion to dismiss, the State asserts that Solorzano-O'Brien's federal limitations period began to run on October 10, 2011, 90 days after the Minnesota Court of Appeals entered judgment on July 12, 2011. (Doc. No. 13 at 3.) Solorzano-O'Brien's deadline for seeking a writ of certiorari from the U.S. Supreme Court, however, expired 90 days after the Minnesota Supreme Court entered its order denying discretionary review, which occurred on June 28, 2011, not 90 days after the Minnesota Court of Appeals later entered judgment on July 12, 2011. *See Gonzalez*, 132 S. Ct. at 653 (explaining that where a petitioner does not seek a writ of certiorari, the judgment becomes final "when the time for filing a certiorari petition expires," not when "the court of appeals issues its mandate"); Sup. Ct. R. 13 (providing that a certiorari petition "seeking review of a judgment of a lower state court" must be filed "within 90 days after entry of the order denying discretionary review").

the federal limitations period until the state collateral proceedings came to an end on November 4, 2013.[3] *See* 28 U.S.C. § 2244(d)(2); (Doc. No. 1 at 4–5; Doc. No. 14 at 13–14.) Once the AEDPA clock resumed the following day, Solorzano-O'Brien waited 324 days before filing his federal habeas petition on September 24, 2014. (*See* Doc. No. 1 at 1.) By the time Solorzano-O'Brien filed his present petition, a total of 535 days of untolled time had elapsed since his criminal judgment had become final on direct review, making his petition untimely under AEDPA's one-year deadline.

Solorzano-O'Brien does not argue that he is entitled to equitable tolling of the limitations period due to an extraordinary circumstance which, despite his diligence, prevented him from timely filing his § 2254 petition. Rather, the only argument he advances in response to the State's motion to dismiss is that the federal limitations period did not begin to run until November 4, 2014, when the Minnesota Court of Appeals entered its judgment in his state post-conviction proceedings. (*See* Doc. No. 17 at 2; Doc. 1-1 at 18–19.) Under § 2244(d)(1)(A), however, the limitations period begins to run from "the conclusion of *direct review* or the expiration of the time for seeking *such review*,"

---

[3]   Solorzano-O'Brien's state post-conviction petition was denied on September 24, 2012, the Minnesota Court of Appeals affirmed that denial on July 15, 2013, and the Minnesota Supreme Court denied Solorzano-O'Brien's petition for further review on September 25, 2013. (*See* Doc. 1-1 at 1, 11, 18.) Thereafter, on November 4, 2013, the Minnesota Court of Appeals entered judgment in the matter. (Doc. No. 1-1 at 19.) It is not immediately apparent whether Solorzano-O'Brien is entitled to § 2244(d)(2) tolling through the Minnesota Supreme Court's denial of his petition for review or the Minnesota Court of Appeal's entry of judgment, which occurred over a month later on November 4, 2013. This Court, however, need not decide that issue because even if the later of those two dates controls, thus giving Solorzano-O'Brien the benefit of the doubt, his federal habeas petition would still be untimely.

5

not the conclusion of state collateral review. *See* 28 U.S.C. § 2244(d)(1)(A) (emphasis added); *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 483 (11th Cir. 2014) ("A careful reading of § 2244(d) should have dispelled [counsel's] mistaken belief that the limitations period did not begin to run until after the conclusion of Cadet's [state post-conviction] proceedings.").

For the foregoing reasons, this Court recommends that the State's motion to dismiss be granted and that Solorzano-O'Brien's § 2254 petition be dismissed with prejudice as time-barred. Moreover, because reasonable jurists would not find debatable the timeliness of Solorzano-O'Brien's petition, this Court further recommends that no certificate of appealability be granted in this matter. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that where a habeas petition is denied on procedural grounds, a petitioner seeking a certificate of appealability must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The State's motion to dismiss (Doc. No. 12) be **GRANTED;**

2. Solorzano-O'Brien's petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED WITH PREJUDICE** as time-barred; and

3. No certificate of appealability be granted in this matter.

Date: February 12, 2015

                                       *s/ Becky R. Thorson*
                                       BECKY R. THORSON
                                       United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 26, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief with **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.