UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TARUN SOLORZANO-O'BRIEN | Case No. 14-CV-3836 (PJS/BRT) |
| Petitioner, | |
| v. | ORDER |
| KENT GRANDLIENARD, Warden, M.C.F. - Oak Park Heights; and LORI SWANSON, Attorney General for the State of Minnesota, | |
| Respondents. | |

Kirk M. Anderson, ANDERSON LAW FIRM, PLLC, for petitioner.

Linda K. Jenny, HENNEPIN COUNTY ATTORNEY'S OFFICE, for respondents.

Petitioner Tarun Solorzano-O'Brien is serving a 176-month sentence in state prison after pleading guilty to aiding and abetting a murder.  This matter is before the Court on Solorzano-O'Brien's objection to the February 12, 2015 Report and Recommendation ("R&R") of Magistrate Judge Becky R. Thorson.  Judge Thorson recommends granting the respondents' motion to dismiss Solorzano-O'Brien's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court adopts the R&R.

Solorzano-O'Brien's sole objection concerns the R&R's calculation of the one-year limitations period within which he had to file his federal habeas petition.  *See* 28 U.S.C.

§ 2244(d). Solorzano-O'Brien objects to the R&R counting the time between the resolution of his direct appeal and the filing of his state-court motion for post-conviction relief. By the R&R's calculation, this gap of 211 days—when added to the 324 days between the completion of Solorzano-O'Brien's state post-conviction proceeding and the filing of his federal habeas petition—made his habeas petition untimely. Solorzano-O'Brien contends that the limitations period should not have begun to run until the completion of his state post-conviction proceeding, as the basis for that proceeding was the allegation that he had received ineffective assistance of counsel, and as he could not have raised that claim on direct appeal.

Solorzano-O'Brien's argument runs squarely into a long line of contrary Eighth Circuit precedent. The Eighth Circuit has consistently held that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Boston v. Weber*, 525 F.3d 622, 624-26 (8th Cir. 2008) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)); *see also Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011); *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *Runyan v. Burt*, 521 F.3d 942, 944 (8th Cir. 2008); *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002). This Eighth Circuit precedent is dictated by the plain language of the statute, which provides that the limitations period is tolled only while "a properly filed application for

State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Neither the statute nor Eighth Circuit precedent make any exception for claims of ineffective assistance of counsel.  Thus, the R&R correctly determined that Solorzano-O'Brien's habeas petition is untimely.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objection of petitioner Tarun Solorzano-O'Brien [ECF No. 19] and ADOPTS the Report and Recommendation entered on February 12, 2015 [ECF No. 18].  IT IS HEREBY ORDERED THAT:

1. The respondents' motion to dismiss [ECF No. 12] is GRANTED.

2. Solorzano-O'Brien's petition for a writ of habeas corpus [ECF No. 1] is DISMISSED WITH PREJUDICE as time-barred.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 20, 2015         s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge